UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRINCE RUFUS HAMPTON, III (#329245)          CIVIL ACTION

VERSUS

JAMES M. LeBLANC, ET AL.                     NO. 15-664-SDD-SCR

## ORDER TO PAY FULL FILING FEE

*Pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, commenced this proceeding by filing a Motion/Request for Emergency Preliminary Injunctions and Temporary Restraining Orders. Plaintiff complained that he has been confined in an extended lockdown and/or working cellblocks at LSP for three years based on a disciplinary charge issued in June 2012. Plaintiff complained that his confinement is unconstitutional because there are no written guidelines or criteria for releasing him from his "indeterminate" segregated confinement. Plaintiff prays for injunctive relief on behalf of himself and other inmates similarly confined.

Plaintiff has neither paid the Court's filing fee nor filed a motion to proceed *in forma pauperis*.[1] The statute applicable to the granting by courts of *in forma pauperis* status to inmates in civil proceedings makes clear that the plaintiff is not entitled to

---

1.    Generally, a request for injunctive relief is not considered to be an independent cause of action, but rather is only a remedy once a cause of action is established. *La. Crisis Assistance Ctr. v. Marzano-Lesnevich*, 878 F.Supp.2d 662, 669 (E.D. La. 2012) (collecting numerous federal cases so holding). Although the plaintiff commenced this proceeding as a Motion/Request for injunctive relief, this does not relieve him of the obligation to pay the Court's filing fee for the commencement of a civil action.

proceed as a pauper in this case.  This statute, set forth at 28

U.S.C. § 1915, provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if
> the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless the prisoner
> is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  *See also Adepegba v. Hammons*, 103 F.3d 383,

385 (5th Cir. 1996).

A review of the records of the federal courts reflects that

the plaintiff has, on three or more prior occasions while

incarcerated, brought actions or appeals in the federal courts that

have been dismissed as frivolous or for failure to state a claim

upon which relief may be granted.[2]  Because the plaintiff is barred

from proceeding *in forma pauperis* in this case,[3] he shall be

required to pay the full amount of the Court's filing fee before

being allowed to proceed further in this case.

Therefore;

---

2. Cases filed by the plaintiff that have been dismissed by
this Court or by the Court of Appeal as frivolous or for failure to
state a claim include, but are not limited to, *Rufus Hampton, III
v. Kathleen Blanco, Governor, et al.*, Civil Action No. 07-617-JJB-
CN (M.D., La.), *Rufus Hampton, III v. Kathleen Blanco, et al.*,
Civil Action No. 06-527-JJB-SCR (M.D., La.), and *Rufus James
Hampton, III v. Webster Parish Sheriff's Dept., et al.*, Civil
Action No. 02-2579-TS-RSP (W.D. La.).

3. The allegations of the plaintiff's pleading do not fall
within the exception to the statute.  Specifically, the plaintiff's
allegations do not suggest that he is "under imminent danger of
serious physical injury" so as to dispense with the requirement
that he pay the full amount of the Court's filing fee.

IT IS ORDERED that the plaintiff is granted 21 days from the date of this Order within which to pay the full $ 400.00 filing fee.  The filing fee must be paid in full in a single payment.  No partial payments of fees will be accepted. **Failure to pay the filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court.**

Baton Rouge, Louisiana, December 18, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE